## SUPREME COURT OF THE STATE OF NEW YORK
## ROCKLAND COUNTY

EXHIBIT A

| | |
|---|---|
| TZVI GOLDRING, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MONARCH RECOVERY MANAGEMENT, Inc.,<br><br>Defendants. | Index No.:<br><br>SUMMONS<br><br>Date Index No. Purchased: |

To the above-named Defendant:

MONARCH RECOVERY MANAGEMENT, Inc.
3260 Tillman Drive, Suite 75, Bensalem, Pennsylvania 19020

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the Plaintiff's residence in Rockland County. Plaintiff's address which is New City, NY

Dated this 21st day of July 2020.

/s/Daniel Zemel
Daniel Zemel, Esq.
ZEMEL LAW, LLC
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106
F: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff

Notice: The nature of this action is violation of the Fair Debit Collections Practices Act.

SUPREME COURT OF THE STATE OF NEW YORK
ROCKLAND COUNTY

TZVI GOLDRING, individually and on behalf ) Case No.:
of all other similarly situated, )
)
      Plaintiff, ) CLASS ACTION COMPLAINT
)
vs. )
)
MONARCH RECOVERY MANAGEMENT, )
INC., )
)
      Defendant. )

Plaintiff, Tzvi Goldring, alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to NY CPLR §301.

3. Venue is proper in the Supreme Court of the State of New York, Rockland County pursuant to NY CPLR §503(c) because Plaintiff resides in this county and the cause of action arose in this county.

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in New City, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Monarch Recovery Management, Inc. ("Defendant") is a corporation doing business in the State of New York, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes. Defendant's headquarters is located at 3260 Tillman Drive, Suite 75, Bensalem, Pennsylvania 19020.

## FACTUAL STATEMENT

6. At a time better known to Defendant, Defendant began seeking to collect a debt from Plaintiff for a debt incurred for personal, household, and family purposes.

7. Defendant sent its initial dunning letter on or about June 18, 2020, attached hereto as Exhibit A.

8. The dunning letter advised Plaintiff of the following:

> Unless you notify this office verbally or in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office <u>verbally or in writing</u> within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office <u>verbally or in writing</u> within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. You can contact Monarch using any phone number or any address listed on this letter. (Emphasis added).

9. This letter confuses and misleads the consumer about his mandatory rights under the FDCPA.

10. Specifically, 15 U.S.C. § 1692g(a)(4) and (a)(5) require <u>written</u> notices to be effective. However, the letter allows for notifications either verbally or in writing.

2

11. This is misleading and confusing because the consumer will be tempted to verbally dispute the debt or notify the debt collector, which will not be effective, and will be confused as to his legal rights.

12. This departure from the language of § 1692g is material because it affects the way a consumer would send an effective dispute, which is his right under the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

13. Plaintiff brings this as a class action pursuant to N.Y. C.P. L.R. § 901.

14. N.Y. C.P.L.R. Article 9 is modeled upon Rule 23 of the Federal Rules of Civil Procedure and adopts the broad prerequisites of a Rule 23 action as its criteria for all class actions. See Friar v. Vanguard Holding Corp., 434 N.Y.S.2d 698, 704 (App. Div. 1980).

15. Plaintiff seeks certification of the following class, initially defined as follows:

**Class: All consumers in the United States that have received the same form letter as Exhibit A from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

16. Excluded from the Class is Defendant, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

17. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues or modify the class definition as to the geographical location or original creditor. Defendant should be prepared to defend a more limited class should Plaintiff so modify the class.

### Numerosity

3

18. Upon information and belief, Defendant has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout the United States, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

20. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

### Common Questions of Law and Fact

21. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

22. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

4

### Protecting the Interests of the Class Members

23. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

25. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

26. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

28. The superiority requirement of N.Y. C.P.L.R. § 901(a)(5) is identical to its counterpart in Rule 23 of the Federal Rules of Civil Procedure. See Friar v. Vanguard Holding Corp., 434 N.Y.S.2d 698, 708 (App. Div. 1980).

29. Certification of a class is appropriate under N.Y. C.P.L.R. § 901(a)(5) in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of

effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. Absent a class action, the Class members will continue to suffer losses borne from the Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

32. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

33. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

34. Defendant actions were in violation of Section 1692e and 1692g.

WHEREFORE, Plaintiff, Tzvi Goldring, respectfully requests that this Court grant Plaintiff actual and statutory damages, fees, and costs.

## JURY TRIAL DEMAND

35. Plaintiff demands a jury trial on all issues so triable.

Dated this 17th day of July, 2020.

Respectfully Submitted,

/s/*Daniel Zemel*
Daniel Zemel, Esq.
ZEMEL LAW, LLC
1373 Broad Street, Suite 203C
Clifton, New Jersey 07013
Phone: (862) 227-3106
Fax: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff